# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

LEE CHERRY,

      Plaintiff,                         CASE NO.

v.

NATIONAL CREDIT WORKS, INC.,

      Defendant.

_____/

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LEE CHERRY ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NATIONAL CREDIT WORKS, INC. ("Defendant"), alleges and affirmatively states as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person who resides in Coral Springs, Broward County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7.      Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office located in Tonawanda, New York.

8.      Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9.      Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.      Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

11.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.      Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment of two thousand dollars ($2,000.00) for an alleged debt.

13.      Defendant places collection calls to Plaintiff's cell phone twice per day since April 5, 2010 seeking and demanding payment for alleged debt.

14.      Defendant places collection calls to Plaintiff stating that this is debt owed to National City Check and Go.  Plaintiff spoke with Defendant and verbally disputed the debt.

15.     Defendant places collection calls to Plaintiff for alleged debt at his parent's home once per day and parent's office once per day for the past four months where Plaintiff temporarily resides and leaves voicemail messages stating that a return call is necessary.

16.     Defendant places collection calls to Plaintiff stating "the economy is bad because of you," "you are a piece of crap" and "you are the reason why we are in business because of your failure to pay your bills and own up to your responsibility."

### COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

a)      Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party, Plaintiff's parents;

b)      Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

c)      Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

d)      Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does not owe the money Defendant is attempting to collect;

e)      Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Plaintiff does not owe the money Defendant is attempting to collect; and,

f)       Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the

money Defendant is attempting to collect.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

18.  Declaratory judgment that the Defendant's conduct violated the FDCPA.

19.  Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

20.  Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

21.  Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By:

James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone:  (323) 988-2400 x230
Fax:    (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LEE CHERRY hereby demands trial by jury in this action.

VERIFIED COMPLAINT                                                                4

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, LEE CHERRY, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LEE CHERRY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4.20.10

LEE CHERRY,
Plaintiff

VERIFIED COMPLAINT                                                    5